WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
              jchang@unioncounsel.net

Attorneys for Plaintiffs TRUSTEES OF THE
OPERATING ENGINEERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS** (**Hawaii Operating Engineers Annuity Trust Fund by its Trustees**, Lance Wilhelm, Kathleen Thurston, Corey Yamashita, Marnie Koga Hursty, Leonard Dempsey, Dan Reding, Steve Ingersoll, Analesea Tuiasosopo, Justin Diston and Glenn Koester; and **Operating  Engineers and Participating Employers Pre Apprentice, Apprentice and Journeyman Affirmative Action Training Fund for Hawaii** by its Trustees, Leonard Leong, Gary Iwamoto, Richard Heltzel, Ryder Coelho, Russell | CIVIL NO. _____ **COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBITS "1" – "3"; SUMMONS** |

| | |
|---|---|
| Inouye, Peter Sohn, Dan Reding, Steve Ingersoll, Analesea Tuisosopo, Justin Diston and Herman "Hekili" Hipa, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| WAYNE'S ENTERPRISES, INC. a Hawaii corporation, | ) ) ) |
| Defendant. | ) ) |
| _____ | ) |

## COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys,

Weinberg, Roger & Rosenfeld, and for Complaint against Defendant

above-named alleges and avers as follows:

## FIRST CAUSE OF ACTION (SPECIFIC PERFORMANCE)

1.     Plaintiffs are the Trustees of the Operating Engineers'

Trust Funds, which include the Hawaii Operating Engineers

Annuity Trust Fund, and the Operating Engineers and Participating

Employers Pre Apprentice, Apprentice and Journeyman Affirmative

Action Training Fund for Hawaii (hereinafter referred to as "Trust Funds").

2.     This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3.     At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.     Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant WAYNE'S ENTERPRISES, INC., a Hawaii corporation (hereinafter "Defendant" or "Defendant WAYNE"), was, and is now, a Hawaii corporation, doing business in the State of Hawaii.

5.     On or about July 1, 2011, Defendant, by and through its President, Wayne Souza, made, executed and delivered to the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (hereinafter "Union"), that certain written collective bargaining agreement, entitled "KAUAI TRUCKING AGREEMENT 2011 – 2014", then a "Memorandum of Agreement Kauai Trucking Agreement" effective July 1, 2014 which was then amended as described in the attached June 23, 2020 letter from the Union to Defendant (hereinafter collectively "Agreement") covering Defendant's covered employees in the State of Hawaii.  True copies of said documents are attached hereto as Exhibits "1 – 3", respectively, and are incorporated herein by reference.  Said Agreement by its terms incorporated the various Trust Agreements establishing each of Plaintiffs' trusts.  By said Agreement, Defendant promised to contribute and pay to the Trust Funds

4

(hereinafter collectively referred to as "Trust Funds" or "Plaintiffs")
certain amounts for employee benefits, for work performed by
Defendant's covered employees, which amounts would be paid to
the Trust Funds on or before the due dates as specified in said
agreement(s), commencing on and after July 1, 2014.

6.    By said agreement(s), Defendant promised to submit
timely reports to the Trust Funds regarding hours worked by
Defendant's covered employees, which reports would be submitted
to the Trust Funds on or before the due dates as specified in said
agreement(s), commencing on and after July 1, 2014 to permit
audits of its payroll records to allow Plaintiffs to ascertain whether
all contributions due have been paid, and to post a surety bond or
cash-in-escrow to secure payment or contributions if required by
the Trust Funds.

7.    By said agreement(s), Defendant agreed to be subject to
and bound by all terms and conditions of the various trust
agreements, and further promised that in the event any monthly
contributions were not paid when due, Defendant would pay to
each trust fund liquidated damages in the amount of twenty
percent (20%) of the contributions due to each respective fund or

twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

8.    By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

9.    By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

10.    By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the

Defendant is making full payment as required under said agreement(s).

11.   Plaintiffs have notified Defendant and have demanded that said Defendant submit timely payments and reports, but said Defendant has failed, neglected and/or refused to do so.

12.   Defendant now continues to fail, neglect and/or refuse to submit timely payments and reports, and unless ordered to specifically perform the agreement(s) to submit timely payments and reports, Defendant will continue to fail, neglect and/or refuse to submit timely payments and reports.  Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal, neglect and/or failure to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

13.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 12. of the First Cause of Action hereinabove set forth.

14.   By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee.  Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

15.   Defendant's current known delinquencies to the Plaintiffs are as follows:

1. Contributions (12/19 – 12/20 audit):    $35,380.09

2. Liquidated Damages
   (12/19 – 12/20 audit):                  $  7,421.49

3. Audit Fee (12/19 – 12/20 audit):        $  1,084.92

4. Interest on 12/19 -12/20
   Audit through 8/17/2021
   ($11.63 per diem):                      $  7,153.00
                           Sub-Total:      $51,039.50

8

| | | | |
|---|---|---|---|
| 5. Liquidated Damages (10/19 and 6/20 reports): | | $ | 319.55 |
| 6. Interest (on 10/19 and 6/20 report contributions paid late): | | $ | 14.18 |
| | Total: | | $51,373.23 |

plus attorneys' fees and costs, for said audit report periods, plus

additional interest accruing from August 17, 2021 at $11.63 diem.

16.   Defendant may owe Plaintiffs additional monetary

payments for Defendant's covered employees, the amount of which

is unknown at this time.  If such moneys are owed, said amounts,

together with liquidated damages as provided in said agreement(s),

are presently due and owing and have not been paid.

17.   Defendant's obligations to Plaintiffs, pursuant to said

agreement(s), to make contributions are continuing obligations and

Defendant may accrue and owe additional amounts plus liquidated

damages up to the time of trial or proof.

18.   At all times herein mentioned, it was, and now is,

impracticable and extremely difficult to fix the amount of actual

damages to Plaintiffs as a result of the non-payment of said

contributions.  The amounts agreed upon herein, as hereinbefore

alleged, as and for liquidated damages, represented and now

represent a reasonable endeavor to ascertain and compensate for

the damages caused the Plaintiffs by the non-payment of said contributions.

19.   By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

20.   By virtue of the foregoing, Plaintiffs have been damaged in the amount of $51,373.86, plus interest at $11.63 per diem from August 17, 2021, and such additional amounts as may be proven at trial of hearing on proof.

21.   It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant WAYNE'S ENTERPRISES, INC., a Hawaii corporation, ("Defendant"), as to the First and Second Causes of Action hereinabove set forth, as follows:

1.     That the Court orders Defendant to submit timely reports and payments in accordance with said agreement(s).

2.     That the Court orders Defendant to permit Plaintiffs to audit its payroll books and records in accordance with said agreement(s).

3.     That the Court awards to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4.     That the Court awards to Plaintiffs and against Defendant interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

5.     That the Court orders and compels Defendant

to furnish to each of the two (2) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6.     That the Court awards the Plaintiffs and against the Defendant the sum of $35,380.09 in known contributions per the December 2019 – December 2020 audit, plus interest on said contributions at the rate prescribed under the agreement(s) of twelve percent (12%) in the minimum amount of $7,153.00 through August 17, 2021, and at $11.63 per diem thereafter, as well as interest on the October 2019 and June 2020 report contributions paid late of $14.18.

7.     That the Court awards the Plaintiffs and against the Defendant liquidated damages for the December 2019 – December 2020 audit and October 2019 and June 2020 reports, as provided in said agreement(s) of $7,741.04, or an amount equal to interest (computed at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

8.     For audit fees of $1,084.92.

12

9.    For judgment in favor of Plaintiffs against Defendant in the total amount of $51,373.23, plus interest at $11.63 from August 17, 2021 until entry of judgment.

10.   That the Court awards the Plaintiffs and against the Defendant such additional amounts, including, but not limited to, liquidated damages, interest (12%) on any additional report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

11.   That the Court awards the Plaintiffs and against the Defendant all collection costs, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

12.   That the Court orders and awards any further and additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii, ___August 20_____, 2021.

**WEINBERG, ROGER & ROSENFELD**

*/S/ ASHLEY K. IKEDA*

ASHLEY K. IKEDA
JERRY P.S. CHANG
Attorneys for Plaintiffs
TRUSTEES OF THE
OPERATING ENGINEERS' TRUST
FUNDS

13